## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**HILDAWN DESIGN LLC,**

    Plaintiff,

    v.

**SEMBROIDEREDBOUTIQUE DBA ARDEN & GOLD,**

    Defendant.

**CASE NO.: 5:25-cv-01259-BYP**

**JUDGE BENITA Y. PEARSON**

**MAGISTRATE JUDGE AMANDA M. KNAPP**

**Demand for Jury Trial**

## MOTION FOR SUBSTITUTION OF COUNSEL AND MOTION TO EXTEND ALL DEADLINES

Plaintiff Hildawn Design LLC ("Hildawn"), by and through the undersigned counsel, respectfully move this combined Motion for Substitution of Counsel and Motion to Extend All Deadlines in this action.

Hildawn has explicitly requested that undersigned counsel assume representation in place of current counsel. This substitution is necessitated by a breakdown in the attorney-client relationship, including inadequate communication and fundamental disagreements regarding litigation strategy. The Hildawn's right to counsel of its choice is a fundamental principle, and the circumstances here provide ample grounds for substitution.

Concurrently with the substitution of counsel, the Hildawn respectfully requests a ninety (90) day extension of all pending deadlines in this matter. The substitution of counsel, combined with the complexity of trademark litigation and the

1

need for adequate transition time, necessitates this extension for new counsel to review the complete case file, assess the litigation posture, and prepare appropriately for upcoming proceedings. Without such an extension, the Hildawn would be severely prejudiced and unable to receive adequate representation.

Both motions are supported by the facts set forth herein and the applicable rules of civil procedure.

## STATEMENT OF FACTS

1.  Hildawn is a limited liability company organized under the laws of Ohio.

2.  Hildawn initially filed this action on June 16, 2025, against SIMPLY EMBROIDERED, LLC D/B/A ARDEN & GOLD ("Simple Embroidered").

3.  Hildawn initially filed this action utilizing Faith R. Dylewski of the LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA as their attorney.

4.  On June 4, 2026, Hildawn became aware of facts which have occurred during this action which they were previously unaware of that made them concerned with current counsel's litigation strategy and communication throughout the action.

5.  On June 4, 2026, Hildawn contacted Sand, Sebolt & Wernow Co., LPA regarding potential representation in this action.

6.  On June 5, 2026, Hildawn requested Sand, Sebolt & Wernow Co., LPA to proceed with requesting substitution of counsel in this action.

7.  The case is currently in the discovery phase with the discovery set to close on June 8, 2026.

### Current Representation and Request for Substitution

Hildawn is currently represented by Faith R. Dylewski of the LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA. On June 5, 2026, Hildawn explicitly requested that undersigned counsel, Howard L. Wernow, James F. McCarthy, and Sophia E. Auten of Sand, Sebolt & Wernow Co., LPA, assume representation in this matter.

### Grounds for Substitution

Hildawn's request for substitution is grounded in a significant breakdown in the attorney-client relationship manifested in two primary ways:

1) **Strategic Disagreement:** Current counsel is not litigating the case in the manner the Hildawn desires. Hildawn has concerns that current counsel's litigation strategy does not adequately protect the Hildawn's interests or pursue the Hildawn's objectives appropriately. Hildawn repeatedly requested from current counsel to discuss the plans to determine the overall strategy. Hildawn received limited communication from current counsel regarding these requests.

2) **Inadequate Communication:** Current counsel has not been communicating adequately with the Hildawn regarding the status of the case, pending deadlines, litigation strategy, and developments in the matter. This communication deficiency has prevented the Hildawn from exercising informed oversight of its litigation. Hildawn became aware of

the extent of the inadequate communication on June 4, 2026, and quickly contacted undersigned counsel regarding taking over as counsel.

Given these circumstances, substitute of counsel is necessary to preserve Hildawn's interest and ensure adequate representation going forward.

## Approaching Deadlines and Need for Extension

This case has several imminent deadlines, including the discovery cutoff on June 8, 2026, a deposition on June 15, 2026, and a mediation conference on June 18, 2026. These deadlines leave insufficient time for an orderly transition between counsel without prejudicing Hildawn's interests.

## Complexity of the Case

This case involves complicated federal trademark infringement, unfair competition, state trademark infringement, state unfair competition, false designation of origin in violation of 15 U.S.C. §1125(a), and Ohio deceptive trade practices claims. Such claims require extensive research and review of discovery to adequately assert such claims. Review and preparation for assertion of these claims require extensive time and effort to adequately represent the client.

## Transition Requirements

New counsel requires adequate time to:

1) Conduct a thorough review of the complete case file, including all pleadings, discovery materials, and prior correspondence

2) Understand the procedural history and prior litigation strategy

4

3)    Assess the current state of discovery and identify any gaps or deficiencies

4)    Evaluate the strengths and weaknesses of the Hildawn's position

5)    Develop an appropriate litigation strategy aligned with the Hildawn's objectives

6)    Prepare for upcoming deadlines

7)    Consult with the Hildawn  regarding strategy and obtain informed consent to litigation decisions

## Consent Status

Current counsel, Faith R. Dylewski, has consented to this substitution and has agreed to cooperate in the transition of representation

## SUMMARY OF ARGUMENT

The Court should grant both motions because Hildawn has a fundamental right to proceed with counsel of its choice, and the substitution of counsel necessitates adequate transition time to ensure competent representation.

First, the substitution motion should be granted because Hildawn has explicitly requested new counsel due to strategic disagreement and inadequate communication with current counsel. Hildawn first became aware of issues in litigation strategy and failure of current counsel to adequately communicate on June 4, 2026. No time before June 4, 2026, was Hildawn able to determine that new counsel was needed to adequately represent their rights. Federal courts recognize that clients possess the right to discharge counsel and retain counsel of their choosing. The loss

5

of confidence in counsel's litigation approach and breakdown in attorney-client communication constitute good cause for substitution under applicable standards.

Second, the extension motion should be granted because change of counsel constitutes good cause for extending deadlines under Federal Rule of Civil Procedure 6(b). Fed. R. Civ. P. 6. New counsel requires ninety (90) days to review the case file, understand prior proceedings, assess case strategy, and prepare for upcoming deadlines in this complex trademark litigation matter. This extension serves the interests of justice by ensuring adequate preparation and competent representation without unfairly prejudicing the opposing party.

## ARGUMENT

### I.      The Court has discretion to permit substitute of counsel

Federal courts possess discretion to permit substitution of counsel when the interests of justice warrant such relief. 18 U.S.C. §3006A(c). A client's explicit request for substitution, particularly when based on strategic disagreement and communication breakdown presents compelling grounds for granting such relief.

The motion must comply with procedural requirements, including providing notice to all parties and current counsel. Fed. R. Civ. P. 7. This motion satisfies those requirements by identifying the withdrawing attorney, the new counsel who will assume representation, and providing notice to all parties.

### A.      *Hildawn has the right to counsel of choice.*

A fundamental principle of federal practice is that a client possesses the right to discharge counsel and to retain counsel of the client's choosing. See *Wilson v.*

6

*Mintzes*, 761 F.2d 275, 279 (1985), *United States v. Treadway*, 328 F.3d 878, 886 (2003). This right reflects the strong policy favoring a party's ability to proceed with counsel in whom the party has confidence and to maintain an effective attorney-client relationship.

Hildawn has exercised this fundamental right by explicitly requesting that undersigned counsel assume representation. This deliberate choice to proceed with different representation demonstrates the Hildawn's reasoned judgment that effective representation requires counsel with whom meaningful communication is possible and whose litigation approach aligns with the Hildawn's objectives.

**B.**     ***A breakdown in attorney-client relationship constitutes good cause.***

The circumstances here establish good cause for substitute. Hildawn has identified at least two related grounds: disagreement with current counsel's litigation strategy and inadequate communication with current counsel.

Hildawn and current counsel have fundamental disagreements regarding litigation strategy. Current counsel is not litigating the case in the manner the Hildawn desires. Strategic alignment between attorney and client is essential to effective advocacy. When counsel pursues a litigation approach that the client believes does not adequately protect the client's interests, the loss of confidence in counsel's judgment constitutes a legitimate ground for substitution.

Beyond the disagreement issues, communication between current counsel and Hildawn has been inadequate. Communication between attorney and client is essential to effective representation. When a client cannot obtain adequate

communication from counsel regarding case status, pending deadlines, and strategic decisions, the attorney-client relationship has broken down in a manner that impairs representation. Hildawn's inability to maintain meaningful communication with current counsel prevents informed participation in litigation decisions and creates uncertainty about case direction.

These circumstances-explicit client request, communication breakdown, and strategic misalignment-constitute good cause for substitution.

**C.**  ***The motion complies with all procedural requirements.***

This motion complies with all procedural requirements for substitution of counsel. New counsel is prepared to enter an appearance promptly upon the Court's approval of this motion. Hildawn will not be left without representation at any point during the transition. Current counsel has been provided notice of this motion and has consented to the substitution.

New counsel commits to ensuring an orderly transition that does not disrupt the proceedings. While the separate extension motion addresses the need for transition time, new counsel will work diligently to minimize any impact on the litigation schedule and will be prepared to proceed expeditiously once adequate preparation time is provided.

**D.**  ***Simple Embroidered will not be prejudiced by the granting of the motion.***

Allowing Hildawn to proceed with counsel of its choice does not unfairly prejudice the opposing party. The opposing party's ability to prosecute or defend its claims remains unaffected by the identity of the Hildawn's counsel. The opposing

8

party will have full notice of new counsel's appearance and will be able to communicate and coordinate with new counsel regarding all pending matters. The substitution does not alter the substantive claims, defenses, or factual circumstances of the case.

## II.     The Court has authority to grant the motion to extend all deadlines

Federal Rule of Civil Procedure 6(b) provides that a court may extend time for good cause. Fed. R. Civ. P. 6. The rule grants courts discretion to extend deadlines when the moving party demonstrates good cause for the extension. Courts consider multiple factors in evaluating extension requests, including the reason for the request, the length of the extension sought, any prejudice to the opposing party, and the interests of justice.

Additionally, federal law provides that courts shall expedite consideration of actions when good cause is shown, including circumstances where a right under the Constitution or a Federal Statute would be maintained in a factual context indicating that expedited consideration has merit. 28 U.S.C. § 1657. Hildawn's fundamental right to retain counsel of choice, combined with the imminent deadlines in this case, supports both the extension request and expedited consideration of these motions.

### A.     *Substitution of counsel constitutes good cause for extension.*

The substitution of counsel in pending litigation creates legitimate circumstances warranting an extension of deadlines. New counsel cannot be expected to assume representation and meet existing deadlines without adequate time to become fully appraised of the case.

Courts recognize that change of counsel necessitates transition time for new counsel to provide competent representation. The transition requirements are substantial and cannot be compressed into an abbreviated timeframe without risking inadequate representation and potential prejudice to the client's interests.

**B.** ***Adequate review and preparation by new counsel is only achievable with an extension.***

New counsel must undertake substantial work to ensure competent representation in this trademark litigation matter:

    1) **Case File Review:** Review all pleadings filed to date, including the complaint, answer, any amended pleadings, and all motions and orders, to understand the current posture of the case;

    2) **Discovery Review:** Examine all discovery materials, documents produced and received, interrogatory responses, and deposition transcripts;

    3) **Correspondence Review:** Review all correspondence with opposing counsel and the court to understand communications, agreements, and disputes;

    4) **Strategic Assessment:** Analyze prior counsel's litigation strategy and tactical decisions to understand the approach taken and identify any concerns;

    5) **Procedural Understanding:** Understand all upcoming obligations, deadlines, and procedural requirements, including the close

of discovery on June 8, 2026, mediation conference set for June 18, 2026, and a deposition set for June 15, 2026;

6)    **Client Consultation:** Consult thoroughly with Hildawn to understand its objectives, concerns, and position regarding the litigation;

7)    **Strategy Development:** Develop an informed litigation strategy consistent with the Hildawn's interests and objectives

This transition work is particularly substantial given the complexity and technicality of trademark law.

### C.    *The requested ninety (90) day extension is reasonable and necessary.*

A ninety (90) day extension is reasonable and necessary given the circumstances of this case. The complexity of trademark litigation requires substantial time for new counsel to prepare adequately.

Trademark litigation involves specialized legal principles including likelihood of confusion analysis, trademark dilution doctrine, genericness and descriptiveness determinations, secondary meaning and acquired distinctiveness, infringement analysis, and damages calculations. The present case involves an affirmative defense of cancellation of the trademarks at issue in this case asserted by Simply Embroidered that require thorough review and analysis.

Additionally, the current state of case preparation requires new counsel to become acquainted with the current litigation strategy, the discovery obtained thus far, and determine where the case may have shortfalls in order to fully litigate the

11

case. A shorter extension period would be insufficient to accomplish these necessary tasks while ensuring competent and diligent representation. Without such extension, Hildawn will be unable to fully assert their claims.

### D. *The requested is made is good faith and absent any prejudicial delay.*

This request is made in good faith and is designed to protect the Hildawn's interests, not to obtain tactical advantage through delay. The substitution of counsel is necessitated by legitimate concerns regarding communication and strategy, not by dilatory motives.

The opposing party will not suffer unfair prejudice from a reasonable extension. The extension does not alter the substantive rights of any party; it merely provides new counsel adequate time to prepare for the litigation ahead. Indeed, allowing new counsel insufficient time to prepare could result in inadequate representation that ultimately prejudices all parties and the court's ability to resolve the case fairly and efficiently. Granting of such extension will ensure that the current action fully addresses all of Hildawn's claims and will help prevent future litigation between the parties.

### E. *Expedited consideration is requested given the imminent deadlines.*

Given the imminent deadlines in this trademark matter, the Court's prompt consideration and ruling on these motions is necessary. Hildawn's ability to proceed with chosen counsel without delay is essential to ensuring effective representation during the critical phases of this litigation.

12

Federal law supports expedited consideration when good cause is shown, including circumstances where a right under the Constitution or a Federal Statute would be maintained in a factual context indicating that expedited consideration has merit. 28 U.S.C. § 1657. Hildawn's fundamental right to retain counsel of choice, combined with the imminent deadlines and the need for adequate transition time, constitutes good cause for expedited ruling on these motions.

## CONCLUSION

For the foregoing reasons, Hildawn respectfully requests that this Court:

1.      Grant the Motion for Substitution of Counsel, permitting Howard L. Wernow, James F. McCarthy, and Sophia E. Auten of Sand, Sebolt & Wernow Co., LPA to be substituted as counsel of record for Hildawn in place of Faith R. Dylewski of the LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA, effective immediately upon entry of this Court's order;

2.      Grant the Motion to Extend All Deadlines by Ninety (90) Days, extending all pending deadlines in this matter-including but not limited to the close of discovery and mediation-by ninety (90) days from the date of this Court's order, to permit new counsel adequate time to review the case file, consult with the Hildawn, and prepare to represent the Hildawn competently;

3.      Direct that Faith R. Dylewski cooperate fully in the transition of representation, including the prompt delivery of all case files, work product, and materials to new counsel within 10 business days of entry of this Court's order;

13

4. Direct that all parties and the Court direct future correspondence and notices to new counsel at the address set forth below;

5. Grant expedited consideration of these motions given the imminent deadlines and the Hildawn's fundamental right to proceed with counsel of choice; and

6. Grant such other and further relief as this Court deems just, proper, and equitable.

Dated: June 5, 2026                    Respectfully submitted,

                                       SAND, SEBOLT & WERNOW CO., LPA

                                       */s/ Sophia E. Auten*
                                       Sophia E. Auten (103037)
                                       Howard L. Wernow (0089019)
                                       James F. McCarthy, III (0002245)
                                       Aegis Tower – Suite 1100
                                       4940 Munson Street NW
                                       Canton, Ohio 44718
                                       Telephone: 330-244-1174
                                       Facsimile: 330-244-1173
                                       Email: Sophia.Brown@ssiwp.com
                                       Email: Howard.Wernow@sswip.com
                                       Email: James.McCarthy@sswip.com

                                       *Counsel for Plaintiff Hildawn Design LLC*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 5, 2026, to all counsel of record who is deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Sophia E. Auten
Sophia E. Auten